UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MEBEYIN LAKEW, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>ALVERNAZ PARTNERS, LLC, et al.,<br><br>        Defendants.<br>_____/ | No. C 12-05385 LB<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO REASSIGN THIS ACTION TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION** |

On October 18, 2012, Mebeyin Lakew and Rose Marie Lakew (the "Removing Parties") removed this action from Contra Costa County Superior Court. Notice of Removal, ECF No. 1 & 1-1. In their notice of removal, the Removing Parties state that Alvernaz Partners, LLC filed an unlawful detainer action against them (i.e., they would be defendants to that action) in Contra Costa County Superior Court. *See* ECF No. 1 at 1-2. It is possible that this is the action they seek to remove, but the notice of removal does not mention any case name or number or other information that would identify it. *See generally* ECF No. 1 at 1-8.

Attached to their notice of removal, however, are documents filed with the Contra Costa County Superior Court that concern a different action altogether. *See* ECF No. 1 at 10-38; ECF No. 1-1 at 1-31. There is a notice of pending action, a request for judicial approval of the recording of the notice of pending action, a civil case cover sheet, a summons, a request for judicial notice, and a complaint that alleges a claim for wrongful foreclosure. *See* ECF No. 1 at 10-38; ECF No. 1-1 at 1-31. All of these documents relate to an action to which the Removing Parties are plaintiffs: *Mebeyin*

*Lakew, et al. v. Alvernaz Partners, LLC, et al.*, No. C12-02081 (Contra Costa County Superior Court Aug. 30, 2012).

If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

To the extent that the Removing Parties seek to remove their wrongful foreclosure action, their attempt fails. This is because the right to remove an action from state to federal court is vested exclusively in "the defendant or the defendants" to that action; a plaintiff may not remove an action to federal court. *See* 28 U.S.C. § 1441(a). The Removing Parties are the plaintiffs in that action, so they cannot remove it to federal court.

To the extent that the Removing Parties seek to remove the unidentified unlawful detainer action to which they apparently are defendants, their attempt also fails. Their two asserted grounds for removal—federal-question jurisdiction, and jurisdiction under 28 U.S.C. § 1443—do not exist here. *See* ECF No. 1 at 2-6.

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[1] 28 U.S.C. 1441(a). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). However, a plaintiff may not defeat removal by omitting

---

[1] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

C 12-05385 LB
ORDER; REPORT AND RECOMMENDATION        2

necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) .

Nor is jurisdiction under 28 U.S.C. § 1443 proper.   28 U.S.C. § 1443 permits the removal of certain "civil rights cases." A petition for removal under § 1443(1) must satisfy a two-part test: (1) "the petitioners must assert, as a defense to the [action], rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and (2) the "petitioners must assert that the state courts will not enforce that right," with "reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir.2006).[2]  Even assuming that the Removing Parties have satisfied the first prong of *Patel*, they have not satisfied the second prong.   They have not pointed to any "formal expression of state law that prohibits them from enforcing their civil rights in state court nor do they point to anything that suggests that the state court would not enforce their civil rights in the state court proceedings." *Patel*, 446 F.3d at 999.

Because none of the parties to this action have consented to or declined the undersigned's jurisdiction, the court **ORDERS** the Clerk to the Court to reassign this action to a district court judge.   The undersigned **RECOMMENDS** that the newly-assigned district judge remand the case to Contra Costa County Superior Court.

---

[2] 28 U.S.C. § 1443(2) does not apply here. The first clause under § 1443(2), dealing with "any act under color of authority," confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). The second clause under § 1443(2), dealing with "refusing to do any act on the ground that it would be inconsistent with such law," allows the right to remove only to state officers. *Id*. at 824 n.22. There is nothing in the notice of removal or record indicating that the Removing Parties are state or federal officers, or working for state or federal officers.

1   Any party may file objections to this Report and Recommendation with the district judge within
2   fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.
3   Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the
4   district court.

**IT IS SO ORDERED.**

Dated: February 25, 2013

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

C 12-05385 LB
ORDER; REPORT AND RECOMMENDATION        4